IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES WILLIAMS, III, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:05-CV-0765-JOF |
| CAPITAL RECOVERY : | |
| ASSOCIATES, INC., a : | |
| Pennsylvania corporation : | |
| doing business as : | |
| CRA Security Systems, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for clerk's entry of default [4-1] and Plaintiff's motion for default judgment as to Capital Recovery Associates [5-1].

Plaintiff, James Williams, III, filed a complaint on March 21, 2005 against Defendant, Capital Recovery Associates, alleging several violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 ,*et seq.* and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390, *et seq.* Plaintiff claims that Defendant sent three separate collection notices to Plaintiff that each violated the Fair Debt Collection Practices Act by (1) threatening to take legal action not intended, in violation of 15 U.S.C. § 1692e, e(5), & e(10); (2) failing to communicate credit information that the debt was disputed, in violation of 15 U.S.C. §

AO 72A
(Rev.8/82)

1692e(8); (3) falsely representing that the debt collector is employed by a consumer reporting agency, in violation of 15 U.S.C. § 1692e(16); (4) using language contradicting or overshadowing statutorily mandated verification language, in violation of 15 U.S.C. § 1692g; and (5) imposing a writing requirement burden on consumer in order to dispute debt, in violation of 15 U.S.C. § 1692g(a)(4). Plaintiff seeks statutory damages pursuant to § 1692k(a)(2)(A). Plaintiff also seeks costs and attorney's fees pursuant to § 1692k(a)(2).

Plaintiff served his complaint on Defendant on April 22, 2005. Defendant has not answered Plaintiff's complaint. The Clerk of the Court entered default on June 13, 2005, and the court GRANTS Plaintiff's motion for clerk's entry of default [4-1].

In his motion for default judgment, Plaintiff only seeks a recovery for statutory damages, attorney's fees and costs under the Fair Debt Collection Practices Act and does not address his state law claim. The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *See Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Finding Plaintiff's claims here are well pled, the court GRANTS Plaintiff's motion for default judgment as to his Fair Debt Collection Practices Act claims.

Under § 1692k(a)(2), the court may award statutory damages of up to $1000. "In determining the amount of liability . . . the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §

1692k(b)(1).  Here, Defendant sent to Plaintiff three letters, each of which contains violations of the Fair Debt Collection Practices Act.  Accordingly, the court awards to Plaintiff the maximum statutory award of $1000.  *See also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (affirming award of $1000 where defendant did not dispute amount).

Plaintiff's counsel submitted an affidavit attesting that he spent 8.6 hours prosecuting Plaintiff's claims at a rate of $265 per hour for a total of $2,279.  Plaintiff's counsel also testified that he expended a total of $294.15 in costs, including a $250 filing fee, $31.25 in service of process costs, and $12.90 in postage.  Although Plaintiff's affidavit is not in strict compliance with the requirements of *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), the court finds that $2,279 is a reasonable attorney's fee.  Further, the court finds that Plaintiff is entitled to $294.15 in costs.

In sum, the court GRANTS Plaintiff's motion for default judgment [5-1].  Defendant is DIRECTED to pay to Plaintiff:  (1) $1,000 in statutory damages, (2) $2,279 in attorney's fees, and (3) $294.15 in costs for a total of $3,573.15

**IT IS SO ORDERED** this 5th day of January 2006.

                                                      s/ J. Owen Forrester
                                                      J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE